**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

UNITED STATES OF AMERICA

-vs-                                                                    Case No.:  2:05-cr-52-FtM-29SPC

THOMAS D. CHILCOTT

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court upon referral from the Honorable John E. Steele (Doc. #92) to conduct an evidentiary hearing to determine restitution. On March 1, 2007, an evidentiary hearing was held. The government was represented by Jeffrey Michelland, Assistant U.S. Attorney. The Defendant was present in person together with his retained counsel, Charles Murray. All victims of the offense were notified by the government of the hearing and 8 victims appeared. Prior to the start of the hearing the Parties informed the Court that an agreement regarding the amount of restitution had been reached with the exception of one victim, Don Traurig. The Court heard the argument of counsel and testimony from Traurig.

### TESTIMONY AND EVIDENCE

Traurig presented testimony and exhibits regarding the amount of monetary restitution he believed would make him whole. (Ct. Ex. #1)  On March 5, 2001, Traurig states that he wrote a check to the Defendant for $150,000.00. (Tr. 9:9-17).  Of that amount $92,916.00 went to pay fees to Lind Waldcock, and Jack Carl. (Tr. 9:9-17). The Defendant told Traurig that he would invest the remaining $57,084.00, in the pooled fund that was at issue in the Defendant's case. (Tr. 9:9-17). Although Traurig argues that he should be reimbursed for over $400,000.00, he agreed that some of

those monies were invested through Chilcott in managed accounts and some were invested by Chilcott in the pooled account. (Court Ex. #1; Tr. 33:15-18). Although it is not clear whether there was any evidence presented to the receiver regarding the $57,084.00 claimed by Traurig, the Defendant accepted his testimony as true and agreed that the stated funds were invested in the pooled account and therefore, subject to the Court's restitution order. (Tr. 26:4-10; 37:19-25, 38:1).

Traurig further argued that he should receive some restitution for fees he paid to Chilcott as they relate to the pooled investment fund. Traurig argues that the fees should be prorated to the amount paid to Chilcott only and should not include fees paid to Jack Carl and Lind Waldcock for other managed funds. (Tr. 39:11-23). However, Traurig did not provide any information regarding what percent of the fees paid were prorated to Chilcott for the pooled investment fund and which fees were paid to Carl and Waldcock. Instead, Traurig testified that he would write one check for all fees and that Chilcott, Carl, and Waldcock were distributed their fees accordingly.

## DISCUSSION

Restitution is measured by the amount invested by customers less any refunds made by the defendants. Commodity Futures Trading Commission v Gibraltar Monetary, 2006 WL 1789018 (S.D. Fla. May 30, 2006). After review of the record and listening to the testimony provided by Traurig, the Court does not find good cause to recommend that Traurig be allowed restitution for fees. No other victims were allowed restitution for fees and Traurig's testimony regarding fees was based upon each person receiving a percentage of the fees paid. (Tr. 39;11-23). Although it is clear to the Court that Traurig lost a substantial amount of money in both the pooled and managed accounts, he may have to seek other avenues of recovery for the managed account losses. This Court will look at the losses due him for the investments he made in the pooled account.

The Court respectfully recommends that Traurig receive restitution for the $57, 084.00 invested in the pooled account fund which was not considered by the receiver. While there was no independent verification or documentation provided to support Traurig's claim to those funds other than his testimony, the Defendant accepted his testimony as true and stated that he would not dispute the Court's finding regarding those funds. (Tr. 26:4-10; 37:19-25, 38:1). Therefore, the Court respectfully recommends the settlement amount between the parties should include the additional $57, 084.00 not considered by the receiver. The remainder of the agreed upon restitution should remain unchanged as detailed below.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The District Court Should Accept the Agreement of the Parties Regarding Restitution as detailed below.

| NAME | AMOUNT INVESTED | AMOUNT RETURNED | RECEIVER PAID | RESTITUTION AMOUNT |
|---|---|---|---|---|
| Alvarez, Yolanda | $35,000.00 | $0.00 | $11,003.00 | $23,997.00 |
| Auten, Mayce | $12,000.00 | $0.00 | $3,773.00 | $8,227.00 |
| Banuelos, Narciso | $288,000.00 | $0.00 | $71,672.00 | $216,328.00 |
| AlanBerg/2001 Club | $15,000.00 | $0.00 | $4,716.00 | $10,284.00 |
| Blass, Anita | $37,960.43 | $15,000.00 | $0.00 | $22,960.43 |
| Brown, Robert | $5,000.00 | $0.00 | $1,572.00 | $3,428.00 |
| Burrell, Jackie | $15,000.00 | $27,000.00 | $0.00 | $0.00 |
| Carley, William | $41,100.00 | $26,017.54 | $0.00 | $15,082.46 |
| Carner, Reid | $10,000.00 | $0.00 | $3,144.00 | $6,856.00 |
| Carter, David | $5,000.00 | $5,876.00 | $1,572.00 | $0.00 |

| | | | | |
|---|---|---|---|---|
| Chapin, Betty | $25,000.00 | $10,000.00 | $0.00 | $15,000.00 |
| Clark, Matthew | $5,300.00 | $0.00 | $1,667.00 | $3,633.00 |
| Delorio, Richard | $35,000.00 | $0.00 | $11,003.00 | $23,997.00 |
| Dove, Cecil | $20,000.00 | $11,700.00 | $0.00 | $8,300.00 |
| Duff, Ellen | $6,000.00 | $0.00 | $1,887.00 | $4,113.00 |
| Dykes, Louis | $3,000.00 | $0.00 | $944.00 | $2,056.00 |
| Eckman, Kathy | $50,000.00 | $0.00 | $15,718.00 | $34,282.00 |
| Eland, Alan | $20,000.00 | $7,500.00 | $1,145.00 | $11,355.00 |
| Eland, Charles | $30,000.00 | $0.00 | $9,431.00 | $20,569.00 |
| Flint, Lana | $110,255.00 | $163,042.00 | $0.00 | $0.00 |
| Glenn, Laura | $2,000.00 | $0.00 | $629.00 | $1,371.00 |
| Gonzalez, Marcelino | $94,000.00 | $0.00 | $29,549.00 | $64,451.00 |
| Greene, Sabrina | $0.00 | $28,070.00 | $0.00 | $0.00 |
| Grey, Dayne | $16,000.00 | $0.00 | $5,060.00 | $10,940.00 |
| Hamilton Group | $30,000.00 | $68,223.00 | $0.00 | $0.00 |
| Hansen, Joyce | $4,000.00 | $10,600.00 | $0.00 | $0.00 |
| Haro, Jose | $25,000.00 | $0.00 | $7,859.00 | $17,141.00 |
| Haryn, Arne | $1,000.00 | $0.00 | $0.00 | $1,000.00 |
| Herron, Ronald | $30,000.00 | $0.00 | $9,431.00 | $20,569.00 |
| Hogan, Drummond | $110,000.00 | $35,000.00 | $0.00 | $75,000.00 |
| Hrinda, George | $560,000.00 | $38,000.00 | $130,176.00 | $391,824.00 |
| Ivy, James | $5,000.00 | $0.00 | $1,572.00 | $3,428.00 |
| Keen, Julia | $55,000.00 | $94,945.00 | $0.00 | $0.00 |
| King, Stafford | $114,667.61 | $0.00 | $36,046.00 | $78,621.61 |
| Kopko, Thomas | $77,000.00 | $6,203.60 | $17,918.00 | $52,878.40 |
| Koutsoumbaris, Alex | $177,500.00 | $0.00 | $40,080.00 | $137,420.00 |

| | | | | |
|---|---|---|---|---|
| Kron, Floyd | $20,000.00 | $0.00 | $7,859.00 | $12,141.00 |
| Lewis, Ronald and Ula | $35,000.00 | $35,017.54 | $0.00 | $0.00 |
| Logg, Charles | $150,000.00 | $12,500.00 | $34,659.00 | $102,841.00 |
| Mesmer, Cindy | $5,000.00 | $8,368.83 | $0.00 | $0.00 |
| Montalvo, Jeff | $9,000.00 | $10,000.00 | $0.00 | $0.00 |
| Ortega, Manuel | $100,000.00 | $0.00 | $0.00 | $100,000.00 |
| Perry, Randell | $16,000.00 | $5,000.00 | $32.00 | $10,968.00 |
| Personal Touch | $6,000.00 | $11,000.00 | $0.00 | $0.00 |
| Richett, Charles | $10,000.00 | $0.00 | $3,145.00 | $6,855.00 |
| Seventh Day Adventist | $73,037.32 | $0.00 | $467.00 | $72,570.32 |
| Shackleton, Martha | $61,896.87 | $35,000.00 | $0.00 | $26,896.87 |
| Smith, Anita and Joseph | $160,000.00 | $0.00 | $50,313.00 | $109,687.00 |
| Traurig, Don | $73,744.03 | $0.00 | $22,191.00 | $51,553.03 |
| Tuttle, Robert | $5,000.00 | $0.00 | $1,573.00 | $3,427.00 |
| Upshaw, Marshal | $3,000.00 | $0.00 | $944.00 | $2,056.00 |
| Wallin Ashley | $1,500.00 | $0.00 | $472.00 | $1,028.00 |
| Wallen, David and Kim | $26,421.91 | $10,000.00 | $8,309.00 | $8,112.91 |
| Westerman | $12,000.00 | $0.00 | $3,774.00 | $8,226.00 |
| White | $50,000.00 | $7,000.00 | $8,723.00 | $34,277.00 |
| Zielinski | $131,000.00 | $191,109.37 | $0.00 | $0.00 |
| Adams, | $0.00 | $5,000.00 | $0.00 | $0.00 |
| Patrick | $0.00 | $2,300.00 | $0.00 | $0.00 |
| Prince | $0.00 | $2,180.00 | $0.00 | $0.00 |
| Whidden, G | $0.00 | $11,000.00 | $0.00 | $0.00 |

| Tsatsos | $0.00 | $5,255.05 | $0.00 | $0.00 |
| --- | --- | --- | --- | --- |
| Karen Krohn | $0.00 | $3,000.00 | $0.00 | $0.00 |
| McKenzie | $0.00 | $2,826.22 | $0.00 | $0.00 |
| **TOTALS** | $3,018,383.20 | $903,734.15 | $560,028.00 | $1,835,751.06 |

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this   5th   day of March, 2007.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record